**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 14-4884**

UNITED STATES OF AMERICA,

     Plaintiff – Appellee,

  v.

BRANDON MICHAEL BEESON,

     Defendant - Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Elkins.   John Preston Bailey, District Judge.  (2:14-cr-00005-JPB-JSK-2)

Submitted:  March 30, 2015     Decided:  May 26, 2015

Before WILKINSON, KING, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Brian J. Kornbrath, Federal Public Defender, Clarksburg, West Virginia, for Appellant.   William J. Ihlenfeld, II, United States Attorney, Stephen D. Warner, Assistant United States Attorney, Elkins, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Brandon Michael Beeson entered a conditional plea of guilty to possession of materials used in the manufacture of methamphetamine, 21 U.S.C. §§ 843(a)(6), (d)(2) (2012). Beeson reserved his right to appeal the district court's order denying his motion to suppress evidence seized during a traffic stop. Beeson was sentenced to 51 months in prison. He now appeals, claiming that the district court wrongly denied the suppression motion. We affirm.

I

On March 11, 2013, a person called 911 to report suspicious activity at a nearby paving company. It was 9:45 p.m., it was dark, and the business was closed. The caller stated that there was a truck parked on the premises and persons with flashlights were going back and forth from the truck. Officers arrived within three minutes of being dispatched to the location. When they arrived, a pickup truck with three persons inside was attempting to leave the property. The officers, who observed no suspicious activity, stopped the truck. While one officer engaged the driver in conversation, another officer ran a license and registration check on the truck. As he was doing so, he observed Beeson, a passenger, reach down several times. Concerned that Beeson might be attempting to retrieve a weapon, the officer approached the passenger door, opened it, and shone

a flashlight inside. He observed items he knew to be used in the manufacture of methamphetamine on the floorboard around Beeson's feet.

Beeson was charged with conspiracy to manufacture, possess and distribute methamphetamine and multiple related offenses. He moved to suppress items seized from the vehicle, but the district court denied the motion. Beeson subsequently entered his conditional guilty plea. He now appeals, claiming that the stop of the vehicle violated the Fourth Amendment.

II

When reviewing the denial of a suppression motion, "we review the district court's factual findings for clear error and its legal conclusions de novo." United States v. Green, 740 F.3d 275, 277 (4th Cir.), cert. denied, 135 S. Ct. 207 (2014). We construe the evidence in the light most favorable to the Government, the prevailing party below. See United States v. Black, 707 F.3d 531, 534 (4th Cir. 2013).

A temporary detention of the occupants of an automobile, even for a limited time and purpose, constitutes a Fourth Amendment seizure. Whren v. United States, 517 U.S. 806, 809-10 (1996). Because a routine traffic stop is more like an investigative detention than a custodial arrest, we evaluate the legality of a traffic stop by applying the two-prong test of

3

Terry v. Ohio, 392 U.S. 1 (1968). United States v. Green, 740 F.3d at 279 (4th Cir. 2014).

In Terry, the Court held that an officer may, consistent with the Fourth Amendment, conduct a brief, investigatory stop when the officer has a reasonable, articulable suspicion based on his experience that criminal activity is afoot. Terry, 392 U.S. at 30; see Illinois v. Wardlow, 528 U.S. 119, 123 (2000). Under this test, the police officer's decision to stop the vehicle must be both "justified at its inception" and sufficiently "limited both in scope and duration." United States v. Digiovanni, 650 F.3d 498, 506-07 (4th Cir. 2011).

Whether there is reasonable suspicion to justify a Terry stop depends upon the totality of the circumstances, including the information known to the officer and any reasonable inferences to be drawn at the time of the stop. United States v. Arvizu, 534 U.S. 266, 273-74 (2002); United States v. Foster, 634 F.3d 243, 246 (4th Cir. 2011). The reasonable suspicion determination is a "commonsensical proposition," and deference is accorded police officers' determinations based on their practical experience and training. United States v. Foreman, 369 F.3d 776, 782 (4th Cir. 2004). "The 'reasonable suspicion' necessary to justify [a Terry] stop 'is dependent upon both the content of information possessed by the police and its degree of reliability.'" Navarette v. California, 134 S.

4

Ct. 1683, 1687 (2014) (quoting Alabama v. White, 496 U.S. 325, 330 (1990)).

In Navarette, the Court addressed the issue of an anonymous tip giving rise to a Terry stop. Four factors were especially significant to the Court's determination that the stop did not violate the Fourth Amendment: (1) the caller claimed eyewitness knowledge of allegedly dangerous activity, lending "significant support to the tip's reliability," id. at 1689; (2) the caller made a statement about an event "soon after perceiving that event," rendering the statement "especially trustworthy," id.; (3) the caller used the 911 system, which "has some features that allow for identifying and tracing callers, and thus provide some safeguards against making false reports," id.; and (4) the caller's report created reasonable suspicion of an ongoing and dangerous crime—in that case, drunk driving—and was not "an isolated episode of past recklessness," id. at 1690. The Court distinguished the tip in Navarette from bare-bones tips where there is no indication that the tipster actually witnessed potentially criminal activity and "[t]here [is] no indication that the tip . . . was contemporaneous with the observation of criminal activity or made under the stress of excitement caused by a startling event." Id. at 1689, 1692.

Applying these principles, and based on the totality of the circumstances, we conclude that the district court correctly

5

denied Beeson's suppression motion.  In this regard, we note that the tip came from an eyewitness who reported unusual activity at a nearby paving company.  The call was placed soon after the caller observed the suspicious activity, and officers arrived at the scene within three minutes of being dispatched to the area.  Additionally, the caller used the 911 system to make the report.  Finally, the reported activity—a vehicle at a paving company after hours and people with flashlights going back and forth from the vehicle—was suspicious.

### III

We accordingly affirm.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED